UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME PHILLIPS,

Plaintiff,

v.

Case No. 26-cv-10039
HON. MARK A. GOLDSMITH

CITY OF LIVONIA, et al.,

Defendants.
_______________________________/

**ORDER**
**ACCEPTING AND ADOPTING THE REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE DATED 5/1/26, 5/4/26, and 5/18/26**

This matter is presently before the Court on three Reports and Recommendations (R&Rs) of Magistrate Judge Anthony P. Patti: 1) a May 1, 2026, R&R that recommends that Defendant Livonia Police Department's motion to dismiss be granted (Dkt. 34); 2) a May 4, 2026, R&R that recommends dismissing Plaintiff's claims against five defendants and deeming Defendants' motion to strike as moot (Dkt. 37); and 3) a May 18, 2026, R&R that recommends granting the City of Livonia and Goldstein's motion to dismiss, including Defendant Vine's notice of joinder. (Dkt. 38).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of

the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendations.

Accordingly, the Court orders that: 1) all claims against Defendant Livonia Police Department are dismissed; 2) all claims against Defendants Stojceska, Marker, Scarantino, Allen, and Sullivan are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); 3) Defendants' motion to strike (Dkt. 33) is denied as moot; and 4) all claims against Defendants Goldstein, Vines, and the City of Livonia are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Dated: September 3, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager